## Urquhart v. Penn Dairies, Inc.

*Walter Faries*, for plaintiff.

*Theodore Lane Bean*, for defendant.

CORSON, J., October 18, 1934.—The petitioner in the present rule contends that the defendant did not perfect its appeal within the statutory period of 20 days. Defendant contends that it did perfect such appeal within the time allowed. The contention of the petitioner is that the defendant did not pay $3 to the magistrate for transcript and recognizance within the 20-day period, and therefore had not completed its appeal.

The Act of May 29, 1907, P. L. 306, provides as follows: "That if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal." It is admitted by the petitioner that the defendant did give good and sufficient bail absolute for the payment of such debt, interest and costs. It is admitted that in addition thereto the defendant paid to the magistrate the sum of $9.25, representing justice's costs that had accrued up to the time the appeal was taken. It is the contention of the petitioner, however, that the $3 due the magistrate for a transcript and recognizance was not part of the costs but was one of the magistrate's fees allowed by law.

Petitioner contends that to hold that the magistrate's fee for making out a transcript is not a part of the costs of the case would help the magistrates. If petitioner's contention, however, is upheld, the magistrates would be unable to recover the transcript fees in any case either criminal or civil as part of the costs of the case. Certainly, this contention cannot be upheld.

We feel that the fee for the magistrate's transcript is part of the costs of the case and is covered by the bail absolute entered by the appellant. To hold otherwise would be to upset the collection of magistrate's fees as part of the costs in every criminal and civil case that comes before this court. The transcript and bond were apparently filed within the proper time in the prothonotary's office, and the mere fact that the justice's fee for his transcript and recognizance was not paid until a few days after the statutory period cannot justify us in striking off this appeal.

We feel that the defendant, in entering bail absolute for the payment of costs and at the same time paying $9.25 for costs accrued at the time bail absolute was entered, went further than it was required to do under the Act of 1907.

And now, October 18, 1934, for the reasons given, the rule in the present case granted August 10, 1934, upon the defendant to show cause why the appeal in the present case should not be stricken off is discharged.